**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| KASSAHUN SAMSON TAFESSE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00699 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER</u>

On June 2, 2026, the Court granted in part Petitioner Kassahun Samson Tafesse's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered Respondents provide Petitioner with an individualized custody review before an Immigration Judge (IJ) at which the Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 8 at 6.)

On June 5, 2026, Respondents filed a Status Report, (Dkt. 9), stating that "the required custody redetermination hearing was provided to Petitioner. The result of that hearing is that an immigration judge denied bond to Petitioner finding that he is a flight risk." (*Id.* at 1.) Respondents attached a copy of the IJ's order where the IJ explains that Petitioner "is a flight risk for the reasons noted on the record." (*Id.*, Attach. 1.)

On June 9, 2026, Petitioner filed an Emergency Motion to Enforce this Court's Order and For Relief, (Dkt. 10), alleging that the custody review was inadequate because the government was not held to its burden to prove flight risk or danger by clear and convincing evidence. (*Id.* at 1–3.) Petitioner pointed to the fact that DHS did not file any evidence in the bond proceedings while

1 / 3

Petitioner filed 34 pages of supporting documentation including documentation about potential sponsors for Petitioner. (*Id.* at 3.) Petitioner also claims that DHS erroneously told the IJ that Petitioner had no sponsors and that the IJ exhibited substantial bias against Petitioner. (*Id.* at 3–6.) Respondents filed a Response in Opposition to Petitioner's Motion to Enforce, (Dkt. 11), arguing that Respondents complied with the Court's Order and that there is no evidence to show that the IJ disregarded the evidentiary burden. (*Id.* at 2.)

In its Order dated June 2, 2026, (Dkt. 8), the Court explicitly placed the burden on the government to prove, by clear and convincing evidence, that Petitioner was a flight risk or danger to the community or else release Petitioner from custody immediately. (*Id.* at 6.) As such, Petitioner's allegations that the IJ failed to properly apply the burden and disregarded evidence are serious and, if proven, would entitle Petitioner to immediate release.

Accordingly,  Respondents are hereby **ORDERED** that (1) **within 3 days** they must file a supplemental notice supporting their position that the bond hearing held by Immigration Judge Emmanuel Garcia on June 5, 2026, complies with the Court's June 2, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, **OR** (2) they must **IMMEDIATELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of Petitioner's removal proceedings.

If Respondents choose to release Petitioner, they are **ORDERED** to file a notice confirming Petitioner's release **no later than June 26, 2026**. Respondents must also return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

IT IS SO ORDERED.

SIGNED this June 22, 2026.

_____
Diana Saldaña
United States District Judge